UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| Salim Hajiani ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE 5:11-CV-205 |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| Jones Petroleum Company, Inc. ) | |
| ) | |
| Defendant ) | |

## **COMPLAINT**

COMES NOW Plaintiff Salim Hajiani (hereinafter sometimes referred to as "Plaintiff" or "Hajiani"), and files this lawsuit against Defendant Jones Petroleum (hereinafter sometimes referred to as "Defendant" or "Jones Petroleum Company, Inc.") and shows the following:

NATURE OF COMPLAINT

1. Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks liquidated and actual damages for Defendant's failure to pay state and federal minimum wages and federally mandated wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et seq.* (hereinafter "FLSA") during Hajiani's employment with Defendant from approximately August 20, 2009 to October

11, 2009.

3. Plaintiff further brings this action under Georgia wage laws for failure to pay Plaintiff wages due, and for breach of contract and unjust enrichment under Georgia common law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 because this action involves a federal question, 29 U.S.C. § 216(b).

5. At all relevant times, Defendant was and is regularly engaged in interstate commerce and was and is an employer within the meaning of the FLSA §7, 29 U.S.C. §§ 206-07 and at all material times, Defendant has been and is an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA.

6. Defendant's principal place of business and corporate office is located at 407 East 2nd Street, Jackson, Butts County, GA 30233-2035. Venue in the Middle District of Georgia is proper pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in the Middle District of Georgia.

7.      Venue is also proper in the Middle District of Georgia, Macon Division because a substantial part of the events at issue in this lawsuit took place in the Middle District of Georgia, Columbus Division and because corporate Defendant resides in this division.

## PARTIES AND FACTS

8.      Plaintiff is a resident of Alabama, but when he began working for Defendant in 2009, he was a resident of the State of Georgia.   Plaintiff was an "employee" (as defined under FLSA § 3(e), 29 U.S.C. § 209(e)) for Defendant.   He performed non-exempt labor the Defendant during his employment.   Defendant conducts business in Middle District of Georgia.

9.      Plaintiff began employment with Defendant on or about August 20, 2010.  Defendant assigned him work at the Shell Station located at 9089 Hwy. 18, West Pine Mountain, Georgia.   However, he would work at the Defendant's other stores located in Pine Mountain and   Hogansville, Georgia.   These Shell Stations are directly off a highway focuses on interstate commerce.

10.     Plaintiff frequently worked more than 40 hours per week.

11.     However, for work performed between approximately August 20, 2009 and October 5, 2009   Defendant did not pay all wages due   to Hajiani.   During that time, Plaintiff worked over forty (40)   hours in a

workweek. More specifically, during his shift, Plaintiff worked from approximately 8:00am to 10:00 pm. Yet, Defendant did not pay the overtime wage differential required by FLSA § 7, 29 U.S.C. § 207.

12. Plaintiff ended his employment with Defendant on or after October 5, 2009.

13. Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year. Defendant is an "employer" within the definition of FLSA § 3(d), 29 U.S.C. § 203(e) and governed by and subject to FLSA 29 U.S.C. §§ 204 and 207.

14. Although Plaintiff is the only claimant to his action, at least other employees complained in Plaintiff's presence about Defendant's failure to pay them in accordance with the law.

15. As a direct consequence of Defendant's failure to pay Plaintiff in accordance with the law, he has suffered severe financial loss, including automobile repossession.

16. Defendant's intentional, knowing and willful violation of Georgia and Federal law caused Plaintiff to suffer economic damages.

COUNT I
MINIMUM WAGE FAIR LABOR STANDARDS ACT
29 U.S.C. § 201, ET. SEQ.

17. The above paragraphs are incorporated by reference as if fully set forth herein.

18. This claim arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., for failure to pay a minimum wage to Plaintiff.

19. At all times relevant, Defendant has been, and continues to be, "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq. At all times relevant, Defendant has employed and continue to employ, employees, including Plaintiffs and each of the members of the FLSA Collective, who engage or engaged in commerce or in the production of goods for commerce. At all times relevant, upon information and belief, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

20. The minimum wage provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendant. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff was entitled to be compensated at a rate of $7.25 per hour beginning July 24, 2009.

COUNT II
VIOLATION OF THE OVERTIME WAGE REQUIREMENT
OF THE FAIR LABOR STANDARDS ACT
29 U.S.C. § 201, ET. SEQ

21.     Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint as if fully restated herein.

22.     Plaintiff worked over forty hours in some weeks for Defendant. Yet, Defendant did not pay Hajiani all wages due him.

23.      Because Defendant did not pay Plaintiff one-and-a-half times his regular rate of pay when Plaintiff worked over forty hours in a given workweek.

24.     Defendant knew that it failed to pay Plaintiff the minimum wage and failed to pay overtime at the required rate under the Fair Labor Standards Act.

25.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

26.     Plaintiff   seeks damages in the amount of their respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b),   interest, and such other legal and equitable relief as the Court deems proper

27.     Plaintiff seeks recovery of attorney's fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT III

## UNPAID WAGES

28. Plaintiff hereby incorporates by reference paragraphs 1-27 of this Complaint.

29. Pursuant to Georgia, the wages, benefits, and costs and expenses owed Plaintiff by Defendant as its employees are all "wages" within the meaning of the statutes, which are supposed to be made at regular intervals according to a predetermined schedule, independent of any other factor of employment.

30. Defendant failed to pay Plaintiff for all the wages due them, pursuant to Georgia Law.

## COUNT IV

## EQUITY/UNJUST ENRICHMENT

31. Plaintiff hereby incorporates by reference paragraphs 1-30 in this Complaint.

32. Defendant received the benefit of Plaintiff's work, without compensating Plaintiff.  As a matter of equity, Defendant should not be allowed to prosper at the expense of Plaintiff.

33. The money Defendant owed Plaintiff as wages, all inured directly to Defendant's benefit by its nonpayment for work done and time

spent for Defendant's benefit. Plaintiff should have what he is entitled to in equity, by quantum merit, and Defendant should not unjustly enriched by its nonpayment of wages.

## COUNT V

## BREACH OF CONTRACT

34.     Plaintiff hereby incorporates by reference paragraphs 1-33 of this Complaint.

35.     Defendant entered into a contract with Plaintiff to pay him wages for all work done and time spent for Defendant's benefit at the rate of $9.00/hour.

36.     Defendant breached this contract by failing to pay Plaintiff all wages due for the benefit given to Defendant.

37.     Plaintiff is an at will employee.   The law implies that a contract for payment of wages exists by the nature of the employer/employee relationship.

38.     Defendant used a common course of conduct which caused Plaintiff not to be paid wages due.   The common course of conduct constituted a breach of contract.

39.     Plaintiff was injured by Defendant's breach of contract to pay wages.

40. Defendant's actions were intentional, willful, malicious, and in reckless disregard for the rights of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages and overtime pay;

b. Judgment against Defendant for emotional distress damages, punitive and/or liquidated damages, and all other damages available at law, as applicable;

c. Judgment against Defendants that their violations of the FLSA were willful, which includes double damages;

d. An equal amount to Plaintiffs' damages as liquidated damages;

e. An award of prejudgment and post-judgment interest;

f. All costs and attorneys' fees incurred in prosecuting these claims;

g. Provide such other and further relief as the Court may deem just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff demands a trial on all issues so triable by jury.

March 1, 2011

/s/ Paula J. McGill
Paula J. McGill
Ga Bar. No. 610510
Attorney for Plaintiff Salim Hajiani

10 Glenlake Parkway
Suite 130
Atlanta, GA 30328
demandingjustice@gmail.com
(770)367-1234